IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,525-01






EX PARTE NEWMAN ELMO JONES III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-01-19324 IN THE 91ST DISTRICT COURT


FROM EASTLAND COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty years' imprisonment. The Eleventh Court of Appeals dismissed his
appeal. Jones v. State, No. 11-04-00136-CR (Tex. App.-Eastland, Feb. 2, 2006, pet. ref'd). 

 Applicant contends that he was denied counsel during the period for filing a motion for new
trial and that trial counsel failed to present mitigating evidence during punishment. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 According to correspondence from the trial court, this application was prematurely forwarded
to this Court. Accordingly, the trial court shall provide Applicant's trial counsel with the opportunity
to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied counsel during
the period for filing a motion for new trial. The trial court shall also make findings of fact as to
whether the performance of Applicant's trial counsel during punishment was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 8, 2008

Do not publish